IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00039-RPM-KLM

ASSOCIATED CONTENT, INC.

    Plaintiff,

v.

BRIAN ADAMS,

    Defendant.

## ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR PRELIMINARY INJUNCTION

THIS MATTER is before the Court on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, filed January 26, 2010. The Court Finds as follows:

On January 26, 2010, the Court issued an Order setting the hearing for February 2, 2010 at 9:30 a.m. [Doc. 6]. That Order required personal service on the Defendant, and the Plaintiff filed a certificate of compliance demonstrating that Plaintiff personally served the Defendant with notice of the hearing. [Doc. 8].

2. Further, as required by D.Colo.LCivR. 56.1(A)(1) & (B), the Plaintiff has provided the Court with evidence that the Defendant was served with a copy of its Verified Complaint [Doc. 1], Motion and Memorandum in support of the motion, declaration, and exhibits [Doc. 5], and the proposed order. See Doc. 7.

3. At the hearing, Plaintiff was represented by its counsel of record and was present through Mr. Craig Abruzzo, General Counsel and Secretary. The Defendant did not appear.

4. The Court has reviewed Plaintiff's Verified Complaint [Doc. 1], and Motion and Memorandum in support of the motion, declaration, and exhibits [Doc. 5]. Through these submissions, which included a lengthy declaration by Mr. Abruzzo, the Plaintiff has made a showing that:

> A. Defendant has violated Plaintiff's Terms of Use and Master License Agreement by submitting content that was false;
>
> B. Defendant has used and infringed on trademarks and copyrights owed by Plaintiff; and,
>
> C. Defendant has sold a document, referred to in Plaintiff's submissions as the "Guide," which infringes on Plaintiff's intellectual property and purports to instruct others on how to defraud Plaintiff.

Based on these submissions, the Court finds that Plaintiff has a substantial likelihood of prevailing on the merits of its claims; that it will suffer irreparable injury if it is denied a temporary restraining order; that Plaintiff's injury outweighs the injury that Defendant might suffer under a temporary restraining order; and that an injunction would not be adverse to the public interest.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order is GRANTED and that Defendant and his agents, servants, employees, representatives, successors and assigns, and all other persons, firms or corporations acting in concert, privity or participation with him shall be temporarily enjoined and restrained from:

1.      Accessing Plaintiff's website through log-ins, submission of content or any other manner that would provide access to registered users;

Using, disclosing, disseminating, distributing or copying Plaintiff's copyrighted, trademarked, or proprietary information;

3.      Destroying any documents or electronic data pertaining to the conduct referenced in Plaintiff's Complaint;

4.      Assisting, aiding or abetting any other person or business entity from engaging in or performing any of the above-described acts; and

5.      Prohibiting Defendant from marketing, transferring, or selling, either directly or indirectly, *"The Complete Associated Content Guide to Making $2000/Month: Former Associated Content Employee Reveals All*.

IT IS FURTHER ORDERED that, pursuant to Fed.R.Civ.P. 65(c), the Plaintiff shall post a bond of $1,000.

IT IS FURTHER ORDERED that the Court will hold a preliminary injunction hearing at 3 p.m. on February 12, 2010 and that Plaintiff shall provide notice to the Defendant of this Order and the hearing through personal service or a signed waiver of service.

Dated this day, February 2, 2010 at 3:30 p.m.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE