IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00039-RPM-KLM

ASSOCIATED CONTENT, INC.,

    Plaintiff,

v.

BRIAN ADAMS,

    Defendant.

## ORDER REGARDING STIPULATED PERMANENT INJUNCTION

The Court, having reviewed the Parties' Proposed Stipulated Permanent Injunction, hereby FINDS and ORDERS as follows: this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367, and jurisdiction over the parties. [*See* Doc. 1; Doc. 6; Doc. 10]. At the request of the Parties, the Court Orders as follows:

1. The following defined terms shall have the meanings provided below:

   a. "AC" means Associated Content, Inc. and all of its successors in interest.

   b. "Activities" means any activities of Adams that are related to, in connection with or of furtherance of the following actions of Adams: (1) submission of fraudulent content to the AC website and violation of the AC Terms of Use governing such submissions; (2) soliciting, distributing, promoting, advertising, or marketing of the Guide, (3) use of the trademarks, name, logos, service marks, or confusingly similar marks; and

       (4) encouraging, enabling, or aiding any third party to engage in any of the activities described in (1)-(3).

  c. "<u>Adams</u>" means Brian Adams, including any pseudonym, identity, moniker, or pen name used by Brian Adams.

  d. "<u>Guide</u>" means Adams' publication entitled "*Complete Associated Content Guide to Making $2000/Month: Former Associated Content Employee Reveals All...*"

  e. "<u>Settlement Agreement</u>" means the Settlement Agreement separately entered into by the parties contemporaneously with this document.

2. Adams agrees that he is permanently enjoined from accessing AC's website through any manner that would provide access to registered users.

3. Adams will not make any use in any medium for any purpose of AC's trademarks, name, logos, service marks, or other related marks, including but not limited to "Associated Content" "AC" "<associatedcontent.com>" and "The People's Media Company."

4. Adams will provide a comprehensive list of all AC accounts, including usernames and login credentials Adams currently or previously has owned, and including any AC accounts Adams has previously owned and later sold or transferred to third parties.

5. Adams will remit to AC all earnings derived from the content submitted to AC, including upfront payments, and performance payments.

6. Adams will immediately cease all distributing, promoting, advertising, or marketing of the Guide and will not promote, sell, or use the Guide in the future.

7. Adams will execute an assignment for AC's benefit that will exclusively and irrevocably assign his entire interest in the Guide to AC without royalty, including, without limitation and for the avoidance of doubt, any "moral rights" and the right to enforce any claims of infringement in connection with those rights, including claims brought under 17 U.S.C. §§ 501-513, as applicable.

8. Adams will provide a comprehensive list of all persons or entities who purchased the Guide. This disclosure will include the names, contact information, and if known to Adams, the purchasers' AC user names.

9. Adams will provide a comprehensive accounting of all sales of his Guide and a statement of all revenue derived from those sales.

10. Adams will remit to AC all earnings derived from the sale of the Guide.

11. Adams will provide a comprehensive list of all persons whom he has provided counsel, assistance, or encouragement related in any way to AC, and if known to Adams, the persons' AC user names.

12. Adams will not encourage, assist, or counsel other content providers and AC users to defraud AC or apply the techniques described in Adams' Guide, in any manner or medium whatsoever.

13. Adams will provide his PayPal master account identification to AC and consent for AC to inquire with PayPal to ensure compliance with this Order. For the avoidance of doubt,

Adams is required only to provide sufficient information to enable AC to identify his PayPal master account and is not required to provide any password or other confidential information that would permit AC to access his Paypal Master Account.

14. Adams will provide a comprehensive list of all domain names that Adams registered that reference AC, the Guide, or reasonably relate to AC and will transfer the registration of those domain names to AC.  AC will pay for the cost of the transfer.

15. Neither party will disparage the other in any future communications with any third party nor make any false statement regarding the present lawsuit.  The Parties agree to abide by additional terms contained in their Settlement Agreement regarding their ability to disclose details related to their settlement.

16. Subject to Section 15, Adams may disclose only that: (1) the present lawsuit occurred, and (2) AC enjoined him from the Activities as defined above.

17. Subject to Section 15, AC may disclose the details of the lawsuit and the terms of this permanent injunction to third parties, but not any of Adams' contact or identifying information such as home address, email, or phone number.  This Section and Section 15 will not be enforceable against AC immediately upon Adams' breach of any of the terms of the Settlement Agreement at any time subsequent to its effective date.

18. Adams and AC have entered into a Settlement Agreement which includes additional terms not covered by this Order.

19. Adams will provide reasonable cooperation and assistance to AC, where necessary, so that Adams will comply with all terms in this permanent injunction.

20. Adams and AC agree that this injunction is permanent, and that AC may seek reasonable attorneys' fees from Adams to prosecute him if he violates this injunction.

21. Adams and AC agree that once this injunction is approved by the Court, it will resolve all of the claims contained in AC's Verified Complaint [Doc. 1].

Entered this 12th day of February, 2010 at 3:10 p. m.

BY THE COURT:

s/Richard P. Matsch

The Honorable Richard P. Matsch
United States District Court Judge